IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL ACTION NO. 4:13-CR-00191- |
| | § ALM-AGD |
| ABEL RIOS (1) | § |
| | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Abel Rios's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on October 20, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Calli Bailey.

Defendant was sentenced on July 16, 2014, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guidelines imprisonment range, based on a total offense level of 17 and a criminal history category of V, was 46 to 57 months. Defendant was subsequently sentenced to 37 months imprisonment followed by 3 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $100 special assessment. On March 23, 2017, Defendant completed his period of imprisonment and began service of the supervision term. (Dkt. #67, Sealed).

On March 16, 2018, Defendant's term of supervised release was revoked, and he was sentenced to 18 months imprisonment followed by 18 months supervised release subject to the same standard and special conditions. On June 18, 2019, Defendant completed his term of

REPORT AND RECOMMENDATION – Page 1

imprisonment and began service of the supervision term. On December 2, 2019, this case was reassigned to The Honorable Amos L. Mazzant, U.S. District Judge for the Eastern District of Texas. (Dkt. #67, Sealed)

On August 19, 2021, the United States Probation Officer executed the First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #65, Sealed). The petition asserts that Defendant violated four (4) conditions of Supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must not commit another federal, state or local crime; (2) <u>Mandatory Condition</u> Defendant must not unlawfully possess a controlled substance; (3) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (4) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any additional cost associated with treatment and testing. (Dkt. #65, Sealed)

The Amended Petition alleged that Defendant committed the following acts: (1) On January 29, 2020, Defendant reported to the U.S. Probation Office to submit a urine sample as directed. He was observed attempting to falsify the sample, and a small bottle containing fake urine was confiscated from his person. Defendant admitted that he was trying to falsify the sample because he knew he would test positive for cocaine. Falsification of a drug test is a violation of Texas Health and Safety Code § 481.133, a Class B Misdemeanor. (2) On November 7, 2020, Defendant was arrested by McKinney Police Department for Manufacture and Delivery of a Controlled Substance PG 1 >= 4G < 200G, a First Degree Felony in violation of Texas Health and Safety Code § 481.112. Additionally, Defendant was charged with Failure to Identify Fugitive/Give False Info, a Class A Misdemeanor in violation of Texas Health and Safety Code § 38.02. According to the arrest report, a traffic stop was conducted, and Defendant was found to be

in possession of Black Tar Heroin, and he gave the arresting officer a false date of birth. On April 9, 2021, Defendant pled guilty to POSS CS PG1 >= 4G < 200G, a 2nd Degree Felony, and was sentenced to 10 years imprisonment in TDCJ. (3) On November 23, 2019, Defendant submitted a urine sample which tested positive for cocaine. He subsequently admitted to using cocaine and signed an admission form stating such. On January 29, 2020, Defendant submitted a urine specimen which tested positive for cocaine. He admitted to using cocaine and signed an admission form stating such. (4) Defendant failed to comply with drug testing by submitting a falsified urine specimen on January 29, 2020. (Dkt. #65, Sealed).

Prior to the Government putting on its case at the final revocation hearing, and after consenting to the undersigned's taking the plea, Defendant admitted as true the allegations as set forth in the Petition. Based upon Defendant's plea of true, the court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's Amended Petition. At the hearing, the Government requested the Court sentence Defendant to 18 months imprisonment with no term of supervised release to follow, consistent with the recommendation of U.S. Probation. Defendant requested the Court sentence him to 13 months imprisonment with no term of supervised release to follow.

Because Defendant admitted as true all the allegations contained in the Amended Petition, the guideline imprisonment range for his violation is 18 to 24 months. (Dkt. #67, Sealed). Accordingly, Defendant's request is a sentence below the recommended guideline range, while the Government's request is a sentence at the low-end of that range. At the hearing, Defendant argued that his noncompliance on supervised release was primarily due to his previous struggles with cocaine addiction. Between the filing of the Amended Petition and Defendant's final revocation hearing, Defendant completed a substance abuse program, and he is now nearly five years sober. Thus, Defendant argued a sentence below the recommended guideline range is appropriate in this

case.

While the Court understands Defendant's position, there is an insufficient basis to sentence him below the recommended guideline range. Defendant's original sentence of imprisonment was below the recommended guideline range, and Defendant's supervised release was revoked on a prior occasion. (Dkt. #67, Sealed). Therefore, the Court recommends a sentence of 18 months imprisonment.

The Court, having considered Defendant's plea of true as well as the applicable U.S. Sentencing Commission Guidelines, recommended sentence be imposed as follows.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eighteen (18) months with no term of supervised release to follow.

The court further recommends that Defendant be housed in a Bureau of Prisons facility in the Seagoville, Texas area, if appropriate.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

SIGNED this the 23rd day of October, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE